MARÍA G. VDA. DE MEGWINOFF, demandante y apelante, v. JOSÉ B. MÉNDEZ GARCÍA y SOBRINOS DE A. MÉNDEZ HNO., S. EN C., demandados y apelados.

Núm. 8691.—*Sometido:* Junio 11, 1943. *Resuelto:* Julio 21, 1943.

416

*Dubón & Ochoteco,* abogados de la apelante; *E. H. F. Dottin,* abogado del apelado José B. Méndez García.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

María G. vda. de Megwinoff radicó demanda de daños y perjuicios ante la corte de distrito contra José B. Méndez García y Sobrinos de A. Méndez & Hno. Alegó que es la dueña de un solar en San Juan descrito en la demanda y debidamente inscrito; que tiene cuatro casas en dicho solar; que tres de ellas son de madera con su frente hacia la calle San Andrés; que una de ellas es una casa de concreto con frente hacia la calle San Agustín; que los demandados son los dueños del solar contiguo; que a fines del mes de abril de 1939 José B. Méndez García por sí y en representación de Sobrinos de A. Méndez & Hno. procedió a hacer ciertas excavaciones en su solar con el fin de construir un edificio de tres plantas con un sótano de diez pies de profundidad; que estas excavaciones se extendieron, sin el permiso de la demandante, hasta su solar; que ella no había consentido a

esta invasión de sus derechos de propiedad, y que los demandados no notificaron a la demandante de su intención de construir dicho edificio; que tan pronto como ella tuvo conocimiento de dicha invasión y de que los demandados intentaban construir en su solar varias columnas del nuevo edificio, así como su pared Oeste, se opuso fuertemente y exigió que los demandados suspendieran las obras; que, a pesar de su protesta, los demandados continuaron la obra y destruyeron una verja de zinc propiedad de la demandante que se extendía de Norte a Sur en su solar; que los demandados, sin su consentimiento, construyeron unos andamios en el solar de la demandante, colocándolos sobre las casas de la demandante; y que los demandados construyeron una empalizada de madera frente a la casa de concreto de la demandante, impidiendo con ello a la demandante y a sus inquilinos el uso de la faja de terreno que separa el edificio de la demandante del solar de los demandados.

La demandante solicita se le concedan los siguientes daños:

(a) Destrucción total de la verja de zinc y de su base de concreto $100.00

(b) Desprendimiento, debido a las excavaciones, de dos zocos de cemento del piso de madera de un ranchón propiedad de la demandante; ruptura de una viga transversal que también sostenía el piso de madera del ranchón; desnivelación del piso del ranchón 150.00

(c) Desperfectos simples en las paredes y techos de los edificios, patios, etc. 50.00

(d) Desperdicios y basura arrojados en el solar de la demandante durante tres meses 100.00

(e) Privación y usurpación por parte de los demandados de la franja de terreno de la demandante y uso de dicha franja por espacio de más de dos meses 500.00

(f) Despojo por parte de los demandados de una franja de terreno, de 15 metros de largo por 26 centímetros de ancho propiedad de la demandante 750.00

$1,650.00

La demandante también solicitaba daños punitivos ascendentes a $3,000, siendo el total reclamado de $4,650.

El demandado Méndez García negó casi todos los hechos alegados en la demanda. Admitió que es condueño del solar descrito en la demanda, y que había hecho las referidas excavaciones para construir el edificio. Sin embargo negó que él representara la sociedad Sobrinos de A. Méndez & Hno. y afirmó que las excavaciones se hicieron en su solar, y que aunque la verja de zinc de la demandante fué destruída, este no se hizo maliciosamente y que había sido reemplazada por la pared de concreto construída por él en el solar de la demandante.

Después de un juicio en los méritos y de una inspección ocular, la corte inferior dictó sentencia ordenando a José B. Méndez a pagar a la demandante la cantidad de $110 como daños y perjuicios más las costas y desestimando la demanda en cuanto a Sobrinos de A. Méndez & Hno., ordenando a la demandante que pagara las costas de dicha sociedad. El total de los daños concedidos comprendía las siguientes partidas:

$75. 00 por la destrucción de la verja de zinc
  25. 00 para la nivelación del piso del ranchón
  10. 00 para reparar los rotos y desconchados provenientes de la colocación del andamio

-------------

$110. 00

La corte de distrito se negó a conceder daños por la privación de la faja de terreno. La corte inferior también se negó a conceder daños punitivos por el fundamento de que el demandado no había sido descuidado o negligente.

En apelación la demandante señala varios errores todos ellos relacionados con la apreciación de la prueba. Alega que la corte inferior cometió error al conceder solamente $110 en calidad de daños, y al negarse a conceder las cantidades solicitadas en las partidas (b), (d), (e) y (f) de la demanda. En cuanto a la partida (e), la prueba demues-

tra que el demandado construyó una verja cuando construía su edificio, que impedía a los inquilinos de la demandante usar la faja de terreno que separa ambos solares. Pero la corte inferior, después de su inspección, resolvió que ni la demandante ni sus inquilinos habían usado en realidad la referida franja de terreno con anterioridad a la construcción de la verja y que por tanto no surgió ningún daño de la actuación del demandado a este respecto. No encontramos de qué manera podamos alterar esta conclusión de la corte de distrito.

■ En relación con la partida (*d*), después de examinar el récord, y especialmente la fotografía que demuestra la basura arrojada sobre el solar de la demandante, creemos que la corte inferior cometió error al no conceder daños en relación con la misma. La corte de distrito no menciona esta partida en su opinión. Por tanto, modificaremos la sentencia para concederle a la demandante $10 por esta partida.

■ En cuanto a la partida (*b*), la corte inferior dispuso correctamente de ella, concediendo solamente $25 por la desnivelación del piso de la cocina del ranchón, en vista de las declaraciones no contradichas de que los zocos que fueron aflojados y las vigas que fueron desprendidas fueron más tarde reparados por el demandado.

■ Pasamos ahora a la partida (*f*), referente a que el demandado, según se alega, privó a la demandante del uso de la faja de terreno de su propiedad. La corte inferior dispuso de esta partida como sigue:

". . . La demandante no tiene derecho a indemnización alguna por este concepto. Ella es la única culpable de lo ocurrido. Si Méndez García hubiera edificado de mala fe en los terrenos de la demandante, tendría ella derecho a exigir del mismo la demolición de la pared y columnas originalmente construídas y que actualmente se encuentran en el solar de la demandante, para que las cosas volvieran a su estado primitivo. Es nuestra opinión que los propios actos de la demandante le impiden hacer tal reclamación. No hay

duda alguna de que la pared Oeste del edificio comenzó a construirse originalmente en los terrenos de la demandante y de que actualmente se encuentran en los mismos la cimentación de dicha pared y la pared, hasta el nivel del terreno, pero tal construcción venía haciéndose por el codemandado Méndez García de buena fe y en la creencia de que él estaba construyendo en el solar de su propiedad. La verja construída por la propia demandante entre ambos solares, y al Este de la cual estaba construyéndose la referida pared, es una prueba de que en ningún momento hubo la intención de despojar a la demandante de franja de terreno alguna. Tan pronto como la demandante protestó, y después de practicarse una mensura, la construcción fué retirada veinte centímetros al Este de la verja que ella misma había construído, así pasó la demandante a disfrutar de veinte centímetros más de ancho en toda la colindancia Este de su solar con el solar del cual el codemandado Méndez García es condueño, superficie ésta que ella misma había abandonado al construir su verja.''

El récord ampliamente justifica esta conclusión de la corte de distrito y por tanto no encontramos que la demandante haya sido privada por el demandado del uso de su terreno que le dé derecho a reclamar daños.

■ Asumiendo, sin resolverlo, que en esta jurisdicción se puedan conceder daños punitivos en esta clase de casos, convenimos con la corte inferior que bajo las circunstancias del presente caso la mala fe o negligencia crasa que son necesarias ordinariamente para justificar la concesión de tales daños no existen aquí. Era razonable el que el demandado creyera que cuando la demandante construyó su verja de zinc para separar los dos solares la línea sobre la cual la verja se construyó era la verdadera línea divisoria. Y cuando Méndez se enteró por primera vez de las contenciones de la demandante, inmediatamente hizo que un ingeniero practicara una mensura, y como resultado de la misma retiró en seguida la pared Oeste de su edificio. Tales circunstancias no justifican la imposición de daños punitivos.

Nada encontramos en este caso que justifique nuestra intervención con la actuación de la corte inferior al no concederle a la demandante honorarios de abogado.

*La sentencia será modificada para concederle a la demandante $10 adicionales por el amontonamiento de basura y desperdicios en su solar, y así modificada, la sentencia será confirmada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.